UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIE CECILE OYDA, | ) | |
| | ) | |
| plaintiff, | ) | No. |
| | ) | |
| v. | ) | Judge: |
| | ) | |
| TOWN OF CICERO, | ) | Magistrate Judge: |
| | ) | |
| defendant. | ) | (Jury Demanded) |

## COMPLAINT

NOW COMES the plaintiff, MARIE C. OYDA, by her attorney, TIMOTHY A. BRIDGE and, as and for her complaint against defendant, TOWN OF CICERO, alleges and states as follows:

### NATURE OF ACTION, JURISDICTION AND VENUE

1. This is an action for equitable relief and damages for discrimination in employment in violation of the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e and the Civil Rights Act of 1991, 42 U.S.C. 1981.

2. This court has jurisdiction of the claims asserted in this complaint pursuant to 28 U.S.C. §§1331, 1343 and 42 U.S.C. 2000e-5(f)(3). Plaintiff also invokes the supplemental jurisdiction of this court to hear her claim of retaliation under state law. 28 U.S.C. 1367.

3. All conditions precedent to suit have occurred or been complied with in that plaintiff filed a timely complaint of discrimination with the Equal Employment Opportunity Commission (21-B-201001592) on April 1, 2010.

4.     Notification of Right-to-Sue was issued by the U.S. Department of Justice, Civil Rights Division, on April 19, 2011. This complaint is filed within (90) days of receipt of such notice, a copy of which is attached hereto as Exh. A.

5.     Venue is proper in this court since the acts of discriination alleged in this complaint occurred within this judicial district. 42 U.S.C. 2000e-5(f)(3).

## PARTIES

6.     Marie Cecile Oyda ("Oyda" or "plaintiff"), is a female citizen of the United States of Philippines national origin, currently residing in Hickory Hills, Illinois. At all times relevant, Oyda was employed by the Town of Cicero until her constructive discharge effective February 23, 2010.

7.     The Town of Cicero, a local governmental entity, is and was, at all times relevant, an "employer" and/or "covered entity" within the meaning of Title VII of the Civil Rights Act of 1964 and the American with Disabilities Act.

## COUNT I
## DISCRIMINATION IN EMPLOYMENT IN VIOLATION OF THE ADA

8.     Oyda was hired by the Town of Cicero as a Registered Nurse in the Health Department on or about November 11, 2001.

9.     Oyda performed all the essential job duties of her position as Registered Nurse in a satisfactory manner during her entire term of employment.

10.    Oyda was diagnosed with osteoarthritis on December 22, 2009 and was subject to work restrictions, i.e., avoid repetitive or prolonged stair climbing, no prolonged standing or walking and no lifting greater than 10 pounds.

11. Notwithstanding her physical limitations and the work restrictions recommended by her treating physicians, Oyda was reassigned by Derek Dominic, Human Resources Director, to the position of Code Enforcement Department Inspector effective January 4, 2010.

12. The essential job duties of Code Enforcement Department Inspector were well beyond Oyda's physical limitations and work restrictions and, for such reason, Oyda was forced to resign her position on or about February 23, 2010.

13. The acts and commissions on the part of defendant, acting through its responsible management officials, were undertaken with reckless indifference to Oyda's physical limitations, created a hostile and intolerable work environment and were purposely designed to effect the constructive discharge of Oyda from all employment opportunities at the Town of Cicero.

14. As a proximate result of the acts and commissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

15. At all times relevant, Oyda suffered osteoarthritis which substantially limited one or more of her major life activities, had a record of such physical limitation/impairment and was regarded by defendant as having such physical limitations. 42 U.S.C. §12102(2).

16. At all times relevant, Oyda was a qualified individual with a disability who, with or without reasonable accommodation, could perform the essential duties of her position. 42 U.S.C. §12111(8).

17. Notwithstanding her physical limitations and the work restrictions recommended by her treating physicians, defendant purposely reassigned Oyda to a position which she was physically incapable of performing.

18. Defendant's actions were arbitrary, capricious and implemented in reckless disregard of her physical limitations in violation of the ADA. 42 U.S.C. §12111(9)(B).

19. Oyda's request that defendant grant her request for a work assignment consistent with her knowledge, skills, abilities and work restrictions did not present an "undue hardship" upon defendant.

20. As a direct and proximate result of the foregoing acts and commissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

## COUNT II
## DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF NATIONAL ORIGIN

21. Plaintiff repeats and realleges ¶¶1-20 as if fully set forth in this Count II.

22. Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against an individual with respect to his terms and conditions of employment on the basis of such individual's national origin. 42 U.S.C. 2000e-2.

23. Defendant's reassignment of plaintiff to the position of Code Enforcement Department Investigator constitutes disparate treatment on the basis of her national origin in violation of Title VII.

24. Similarly situated non-Filipino employees are treated more favorably and, moreover, are not subject to putative work assignments in violation of the work restrictions recommended by her treating physicians.

24. As a direct and proximate result of the foregoing acts and omissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

## COUNT III
## DISCRIMINATION ON THE BASIS OF SEX

25. Plaintiff repeats and realleges ¶¶1-20 as if fully set forth in this Count III.

26. Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against an individual with respect to his terms and conditions of employment on the basis of such individual's sex.

27. Title VII provides that it shall be an unlawful employment practice for an employer to discriminate against an individual with respect to his terms and conditions of employment on the basis of such individual's sex. 42 U.S.C. 2000e-2.

28. Similarly situated male employees are treated more favorably and, moreover, are not subject to putative work assignments in violation of the work restrictions recommended by her treating physicians.

29. As a direct and proximate result of the foregoing acts and omissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

## COUNT IV
## RACE AND ETHNICITY DISCRIMINATION IN VIOLATION OF SECTION 1981

30. Plaintiff repeats and realleges ¶¶1-20 as if fully set forth in this Count IV.

31. Section 1981 provides that it shall be unlawful to discriminate against any person in terms and privileges of employment because of his/her race or ethnicity. 42 U.S.C. 1981.

32. Defendant's reassignment of plaintiff to the position of Code Enforcement Department Investigator constitutes discrimination because of Oyda's ethnicity in violation of Section 1981. Defendant's acts and omissions as above referenced were undertaken with reckless disregard of the provisions of Section 1981.

33. As a direct and proximate result of the foregoing acts and omissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

## COUNT V
## RETALIATORY DISCHARGE

34. Plaintiff repeats and realleges ¶¶1-9 as if fully set forth in this Count V.

35. On or about August, 2009 in her capacity as Registered Nurse in the Health Department, Oyda advised Jim Kloza, Inspector General for the Town of Cicero, that the Health Department was over billing citizens for administrative fees for vaccinations.

36. Oyda's report constitutes protected activity designed to address what she reasonably believed constituted a deprivation of citizens' rights under the Health Department's vaccination/billing policy.

37. Oyda was subject to a constructive discharge in retaliation for her report to the Inspector General as aforesaid.

38. Oyda's constructive discharge violates the public policy of the State of Illinois.

39. As a direct and proximate result of the foregoing acts and omissions on the part of defendant, Oyda has been caused to suffer loss of employment, income, damage to her career, depression, anxiety, emotional and psychological injury, compensatory damages and other substantial and irreparable injury as will be shown according to proof.

WHEREFORE, plaintiff prays for judgment in her favor and against the defendant, Town of Cicero, as follows:

A. Order defendant to make Oyda whole by paying her all back pay and reimbursement for lost pension, health benefits and out-of-pocket expenses, plus pre-judgment interest as will be shown at trial.

B. Order defendant to immediately reinstate Oyda to her former position or one comparable thereto, or in the alternative, order defendant to pay Oyda front pay.

C. Order defendant to pay Oyda compensatory damages in the maximum allowed by law.

D. Order defendant to pay Oyda all costs incurred in bringing this action including, but not limited to, reasonable attorney's fees.

    E.    To grant such other and further relief as this court deems just under the circumstances of this case.

                                            Respectfully submitted,
                                            **MARIE CECILE OYDA,**

                              by:    /s/ *Timothy A. Bridge*_____
                                        Timothy A. Bridge
                                        Plaintiff's Attorney

Timothy A. Bridge
*Attorney at Law*
3N206 Loblolly Lane
St. Charles, IL 60175
(630) 762-1135
(630) 762-1282 (FAX)

# EXHIBIT A



**U.S. Department of Justice**

Civil Rights Division
NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
2011 0939

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4239*
*Washington, DC 20530*

April 19, 2011

Ms. Marie C. Oyda
c/o Timothy A. Bridge, Esquire
Law Office of Timothy A. Bridge
Attorney at Law
3N206 Loblolly Ln.
St. Charles, IL  60175

Re:  EEOC Charge Against Town of Cicero
     No. 21B201001592

Dear Ms. Oyda:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:
   Title I of the Americans with Disabilities Act of 1990,
   42 U.S.C. 12111, et seq., and,
   Title V, Section 503 of the Act, 42 U.S.C. 12203.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   The investigative file pertaining to your case is located in the EEOC Chicago District Office, Chicago, IL.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Thomas E. Perez
                                        Assistant Attorney General
                                        Civil Rights Division

                                   by   *Karen S. Ferguson*
                                        Karen L. Ferguson
                                        Supervisory Civil Rights Analyst
                                        Employment Litigation Section

cc: Chicago District Office, EEOC
    Town of Cicero